CITY OF DALTON *v.* WOOD *et al.*

FISH, C. J. Wood, as a citizen and taxpayer of the City of Dalton, brought an action against the city and its Water, Light & Gas Commission, consisting of named persons, to enjoin the defendants from further engaging in the business of selling electrical supplies to the inhabitants of the city, installing electrical appliances for them, and generally transacting the business of a private electrician, on the ground that such acts

were ultra vires. There was no positive and direct evidence submitted in behalf of the plaintiff, on the hearing for an interlocutory injunction, that the city or such commission was engaged, at the time the petition was presented to the judge or for a considerable time prior thereto, in doing the acts sought to be enjoined. The only evidence for the plaintiff on such hearing consisted in the opinions, conclusions, and inferences of witnesses, from given facts, which were not authorized. The evidence for the defendants was positive that neither the city nor any of its officials was engaged in the business complained of, at the time of the presentation of the petition to the judge nor for several weeks prior thereto, and that such business was discontinued by reason of the complaint of the plaintiff. At the time the petition was brought the city electrician, who was not a party defendant, was engaged in ordering electrical supplies from a dealer in such articles, and kept them on hand as city electrician, to be furnished to the citizens of the town who might desire to purchase them. When such articles were purchased by the citizens the price was paid to the city electrician, who deposited the proceeds of such sales in the bank to his credit as city electrician, on which account, as city electrician, he drew checks in favor of the dealer supplying the articles. There was an understanding between the city electrician and the person supplying such articles that the former was not to pay for the same, but was merely to forward to the dealer the proceeds of sales, and such articles as were not purchased by the citizens were to be returned by the city electrician to the seller. There was a further understanding by the city, or the commission, and the seller of such articles, that the city in no event was to be liable for any of the electrical supplies forwarded to the city electrician and purchased from him by the citizens of the town. It was shown to be the duty of the city electrician to supervise all electrical work done in the city, including inside wiring for private parties as well as that outside for streets, etc., and that for such services and the furnishing of electrical material to the citizens in the manner above stated the city electrician received no more salary than was paid him prior to engaging in such work. *Held*, in view of the evidence, the substance of which is set forth above, that the judge erred in granting an interlocutory injunction.     *Judgment reversed. All the Justices concur.*

DECEMBER 11, 1912.

Injunction.     Before Judge Fite.     Whitfield superior court. April 10, 1912.

*M. C. Tarver*, for plaintiff in error
*Maddox, McCamy & Shumate*, contra.